UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>    Plaintiff,<br><br>  v.<br><br>BILL POLLEY,<br><br>    Defendant. | Case No. 1:24-cv-00713-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS (1) TO DISMISS ACTION WITH PREJUDICE AS DUPLICATIVE AND TIME-BARRED; AND (2) TO DENY PENDING MOTIONS AS MOOT<br><br>(Docs. 1, 7-9)<br><br>14-DAY DEADLINE<br><br><u>Clerk of the Court to Assign U.S. District Judge Kirk E. Sherriff</u> |

Plaintiff John Paul Frank Schowachert is a prisoner proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends that the assigned district judge dismiss this action with prejudice because Plaintiff's claims are barred by the applicable statute of limitations.

**I.    BACKGROUND**

Plaintiff initiated this action on June 20, 2024, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint identifies Defendant as Jail Commander Bill Polley of Tuolumne County. *Id*. at 1-2. Plaintiff alleges on January 13, 2017, while in a cell in Tuolumne County Jail, he received blunt force trauma to the head, causing a brain aneurism. *Id*. at 3. As a result, Plaintiff lost his wife, house, kids, and ability to drive, enjoy recreational

1  activities, hike, and fish. *Id*. As relief, Plaintiff seeks $100,000,000.00 in damages. *Id*. at 6.

2  In his complaint, Plaintiff identifies a prior lawsuit as "Schowachert v. Bill Polley," with
3  case number "00975-JLT-HBK," and which Plaintiff characterizes as dismissed without
4  prejudice. *Id.* at 2. The Court notes that the full case caption and number of that action is
5  *Schowachert v. Sorano, et al.*, No. 1:21-cv-00975-JLT-HBK. The case was dismissed without
6  prejudice on November 2, 2023, for failure to prosecute and failure to comply with the Court's
7  order directing Plaintiff to show cause why the action should not have been dismissed for his
8  failure to exhaust administrative remedies.

9  A prior action, not identified by Plaintiff in his pending complaint, concerning the same
10 Defendant and substantially the same facts as the instant action, was dismissed without prejudice
11 on April 10, 2024, for failure to prosecute and failure to comply with the Court's orders.
12 *Schowachert v. Polley*, No. 1:21-cv-01107-KES-HBK, 2024 WL 1557069, at *1 (E.D. Cal. Apr.
13 9, 2024) ("*Schowachert I*"), motion for relief from judgment denied, No. 1:21-cv-01107-KES-
14 HBK, 2024 WL 3164591 (E.D. Cal. June 25, 2024), and reconsideration denied, No. 1:21-cv-
15 01107-KES-HBK, 2024 WL 3398338 (E.D. Cal. July 12, 2024). An examination of Plaintiff's
16 instant complaint and a review of the Court's docket reveals it is duplicative of the complaint
17 filed and since dismissed without prejudice in "*Schowachert I*." In each of these actions, Plaintiff
18 asserts claims against the same defendant for conduct occurring in Tuolumne County Jail on or
19 about January 13, 2017, allegedly causing injuries to Plaintiff.[1]

20 On July 3, 2024, Plaintiff filed a motion for appointment of counsel which also asks for
21 funds under Title II of the ADA, to which Plaintiff attached medical records and a reasonable
22 accommodation request to Salinas Valley State Prison. (Doc. 7 at 2, 13-16). On July 19, 2024,
23 Plaintiff filed a motion for disability accommodation which also asks for appointment of counsel
24 and funds under Title II of the ADA (Doc. 8 at 2), to which Plaintiff attached a medical record

---

[1] Following his commencement of *Schowachert I*, Plaintiff filed complaints in at least four other cases alleging substantially identical claims against the same defendant, all of which have been dismissed on grounds not relevant here. *See Schowachert v. Polley*, No. 1:21-cv-00927-DAD-HBK; *Schowachert v. Polley*, No. 1:22-cv-01249-JLT-BAM; *Schowachert v. Polley*, No. 1:23-cv-01579-JLT-EPG; *Schowachert v. Polley*, No. 1:23-cv-01645-KES-SAB.

(*id.* at 18) and an MC-410 Disability Accommodation Request (also seeking appointment of counsel or funds under Title II of the ADA), as well as a denial of an internal ADA request to Salinas Valley State Prison. *Id.* at 12-16. On September 6, 2024, Plaintiff filed a motion for reasonable accommodations and appointment of counsel, repeating substantially similar allegations as those in Plaintiff's two earlier motions. (Doc. 9).

## II.   APPLICABLE LAW AND ANALYSIS

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d

3

at 969.

**1. Plaintiff's Claims Are Time-Barred**

In both this action and *Schowachert I*, Plaintiff raises claims against Bill Polley related to a brain injury while housed at Tuolumne County Jail. Though *Schowachert I* was dismissed without prejudice, the Court noted in its decision on Plaintiff's motion for reconsideration (Doc. 24) that Plaintiff's underlying claims are time-barred. (Doc. 25 at 5). Additionally, in that action, Plaintiff was directed to show cause why his complaint was not time barred. (Doc. 10). Plaintiff failed to do so.

A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see also Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Section 1983 does not contain a statute of limitations. Without a federal limitations period, the federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007)).

California's statute of limitations for personal injury claims is two years. Cal. Civ. P. Code § 335.1. The two-year statute of limitations period is tolled for two years if the plaintiff is a

4

prisoner serving a term of less than life, which gives such prisoners effectively four years to file a federal suit. *See id.* § 352.1(a).

The applicable statute of limitations begins to run upon accrual of the plaintiff's claim. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Federal law determines when a civil rights claim accrues. *Gibbs v. Farley*, 723 F. App'x 458 (9th Cir. 2018) (citing *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007)). A claim accrues under federal law when the plaintiff knows or has reason to know of the injury forming the basis of his action. This is normally on the date of injury. *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994).

In this action, the event giving raise to Plaintiff's claims occurred on January 13, 2017. (Doc. 1 at 3). Thus, unless Plaintiff is entitled to the benefit of equitable tolling, at the latest, his claim became time-barred as of January 13, 2021.

"Equitable tolling under California law "'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute." *Id.* (quoting *Lantzy*, 31 Cal.4th at 371). For purposes of determining applicability of equitable tolling, lower courts are directed to consider the extent to which defendant had notice of the instant claims in an earlier action, prejudice to the defendant, and the plaintiff's good faith in filing the second claim. *See Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). *See also Mimms v. Lewis*, 698 F. App'x. 522, 522 (9th Cir. 2017) (finding prisoner not entitled to equitable tolling because he "failed to demonstrate good faith and reasonable conduct") (unpublished).

In conducting this balancing here, the Court is mindful of the public policy interest in ensuring prompt resolution of legal claims and ensuring fairness to defendants such that they may defend the case while witness memories and evidence have not materially deteriorated. The

Court balances these equities against any injustice Plaintiff will suffer were his claims rejected on grounds of untimeliness. Here, the Court does not discern from the allegations in Plaintiff's complaint that he was incapable of timely litigating his claims or that enforcing California's statutory tolling regimes would result in a fundamental unfairness. As set forth above, Plaintiff was on notice of the bases of his current claims in January 2017 when he allegedly suffered his injury. Notwithstanding the *Schowachert I* Court's repeated admonitions and provision to Plaintiff of opportunities to explain why his claims were not time-barred when he commenced that action in June 2021, Plaintiff never responded. *See* (*Schowachert I*, Docs. 10, 18, 23, 25).[2] Given Plaintiff's extraordinary delay in filing this action and refusal in earlier actions to address the statute of limitations, the Court finds equitable tolling inapplicable.

To the extent Plaintiff is attempting to pursue state law claims, those claims fare no better. As an initial matter, under California law, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint – which Plaintiff has failed to do here. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208–09 (Cal. 2007), abrogated on other grounds by statute as recognized in *Rubenstein v. Doe No. 1*, 221 Cal. 3d 761 (Cal. 2017); *Harris v. Escamilla*, 736 F. App'x 618, 621–22 (9th Cir. 2018).

Furthermore, the Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3); *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (if court declines to exercise supplemental jurisdiction over state law claims once court dismissed federal claims, then the court should dismiss the state law claims without prejudice).

### 2. Plaintiff's Motions for Appointment of Counsel Are Moot

Plaintiff's requests for the appointment of counsel should be denied as moot. (Docs. 7, 8, 9). His underlying claims are time-barred, and Plaintiff has not otherwise shown exceptional

---

[2] Given U.S. District Judge Kirk E. Sherriff's recent adjudication of Plaintiff's substantially similar claims in *Schowachert I*, the undersigned will direct the Clerk of the Court to assign Judge Sherriff to this action.

circumstances indicating a likelihood of success on the merits.  The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1977), did not create a right to appointment of counsel in civil cases).  Motions to appoint counsel in civil cases are granted only in "exceptional circumstances."  *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978).

As set forth above, Plaintiff's claims are time-barred.  Furthermore, given this defect, the Court finds that further amendment would be futile.  *See Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### III.     CONCLUSION

Because Plaintiff's claims are time-barred, the undersigned recommends dismissal, with prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, the Clerk of the Court is **DIRECTED** to assign this case to U.S. District Judge Kirk E. Sherriff.

It is further **RECOMMENDED** that this action be **DISMISSED** with prejudice as time-barred and Plaintiff's remaining motions (Docs. 7-9) be **DENIED AS MOOT**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result

in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**October 16, 2024**__              _____
                                             UNITED STATES MAGISTRATE JUDGE